974 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Howard ROBBINS, Defendant-Appellant.
 No. 91-50464.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 18, 1992.
Decided Sept. 14, 1992.
 
 1
 Before TANG and CYNTHIA HOLCOMB HALL, Circuit Judges, and WALKER*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant John Robbins pled guilty to a one-count indictment charging him with conspiracy to possess methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a) and 846. He was sentenced to a period of 210 months imprisonment followed by five years of supervised release, pursuant to the Federal Sentencing Guidelines. Robbins appeals his sentence on several grounds. The district court had jurisdiction under 18 U.S.C. § 3231. This court has jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 
 4
 * Robbins' brief is a puzzle. Part I of the brief lists eight issues. In Part IV, these issues are consolidated into six, with no apparent rhyme or reason. The issues listed as A through D in Part I, which become issues A through C in Part II, are a jumble of jurisdictional and due process arguments. Reduced to their essence, the arguments amount to nothing.
 
 
 5
 * To the extent Robbins argues that the federal government's assumption of jurisdiction over his case amounted to a violation of his right to due process, we lack authority to review the claim because Robbins makes no showing that the decision to charge him in federal court rested on some impermissible basis, such as gender or race. See United States v. Sitton, Nos. 91-50154, 91-50156, 91-50166, 91-50173, 50199, slip op. 7861, 7868, 1992 WL 150926 (9th Cir. July 2, 1992) (citing United States v. Redondo-Lemos, 955 F.2d 1296, 1300-01 (9th Cir.1992)).
 
 B
 
 6
 To the extent that Robbins argues that Congress has no power to establish federal jurisdiction over crimes that also fall within state jurisdiction, unless it obtains permission from the state legislature, it is frivolous to an extreme. See Sitton, slip op. at 7868-7869. Congress has found that the trafficking of methamphetamine and other controlled substances affects interstate commerce. See 21 U.S.C. § 801 (1982). That is all the Constitution requires of Congress before it may regulate the manufacture and distribution of these substances through the imposition of criminal penalties. See Perez v. United States, 402 U.S. 146 (1971).
 
 II
 
 7
 Robbins next challenges the authorization of Special United States Attorney George Bennett to present evidence against Robbins to the grand jury, to enter a plea agreement with Robbins, and to participate in the determination of Robbins' sentence. Robbins appears to be challenging Bennett's authority under the Appointments Clause, art. II, § 2, cl. 2, of the Constitution. See United States v. Plesinski, 912 F.2d 1033 (9th Cir.1990), cert. denied, 111 S.Ct. 1306 (1991). Robbins offers no facts suggesting that Bennett's appointment as a Special United States Attorney violates the clause, and neither the indictment nor the record reveal a jurisdictional infirmity arising out of Bennett's appointment. Nevertheless, Robbins requests that this court require Bennett to produce his authorization and the government to provide "the details" of Bennett's appointment.
 
 
 8
 Robbins first raised this issue in his sentencing memorandum. The district court did not address the matter at sentencing, and Robbins' attorney said nothing about the issue at the sentencing hearing. Robbins has raised his request for this fishing expedition too late, and we decline to indulge it. Cf. United States v. Durham, 941 F.2d 886, 891-92 (9th Cir.1991) (remanding case for further proceedings where defendants raised issue prior to trial and subpoenaed documents pertaining to state prosecutor's appointment while case was still pending before district court).
 
 III
 
 9
 Robbins next argues that the "government's acceptance" of the probation officer's recommendation to increase Robbins' offense level, both for his leadership role in the conspiracy and his codefendant's possession of a gun, violated Robbins' plea agreement. At the sentencing hearing, Robbins did not object that these offense level increases violated the plea agreement. Claims that a plea agreement has been violated may generally not be raised for the first time on appeal. United States v. Flores-Payon, 942 F.2d 556, 558-560 (9th Cir.1991). Though there are narrow exceptions to this rule, none are applicable here. There are no exceptional circumstances that prevented the issue from being raised at sentencing, there has been no change in the law, and interpretations of plea agreements present factual, not purely legal questions. See id. at 558. Finally, no injustice would result from a failure to review the claim. The transcript of the sentencing proceeding reveals that the prosecutor adhered to his agreement not to recommend either an upward departure or an upward adjustment based on Robbins' role in the conspiracy. The court adjusted the offense level upward based on the recommendation of the probation officer and, as Robbins himself conceded at the hearing, nothing in the plea agreement precluded it from doing so.
 
 IV
 
 10
 Robbins next argues that the district court erred by increasing Robbins' offense level on the basis of codefendant Keith's possession of a gun, when co-defendant Williams received no such offense-level increase. Robbins does not claim that the increase was itself improper under the guidelines, only that the disparity it occasioned between his sentence and that of Williams was error. "[A] disparity in sentencing among codefendants is not, by itself a sufficient ground for attacking an otherwise proper sentence under the guidelines." United States v. Hoy, 932 F.2d 1343, 1345 (9th Cir.1991) (citing United States v. Carpenter, 914 F.2d 1131, 1135-36 (9th Cir.1990)). See also United States v. Mejia, 953 F.2d 461, 468 (9th Cir.1991) (district courts may not, as a matter of law, depart downward from a Guidelines sentence to avoid the unequal treatment of codefendants), cert. denied, 112 S.Ct. 1983 (1992).
 
 V
 
 11
 Finally, Robbins claims that he was "severely prejudiced as a result of a previous defendant's attempt to enter a guilty plea in front of the same district court." Robbins' tortured claim of prejudice is frivolous. Robbins' claim is based in part on events that occurred at the Camarero sentencing hearing that preceded his own. That hearing is not part of the record in this case and we may not consider it. But even if we could, there is nothing in the transcript of Robbins' sentencing hearing to support his claim.
 
 
 12
 Robbins' claim is also based on the district court's refusal to make findings regarding errors Robbins alleged were contained in the presentence report. Robbins fails to note that the court, in compliance with Fed.R.Crim.P. 32(c)(3)(D), stated that no such finding was necessary because it was not going to consider the aspects of the presentence report to which Robbins objected. The court's action was proper and did not prejudice Robbins. See United States v. Houtchens, 926 F.2d 824, 828 (9th Cir.1991).
 
 
 13
 Robbins' sentence is AFFIRMED.
 
 
 
 *
 The Honorable Vaughn R. Walker, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3