53 F.3d 341
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Bobby REEVES, Defendant-Appellant.
 No. 93-10567.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 17, 1995.
Decided May 8, 1995.
 
 Before: FLETCHER, REINHARDT, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jerry Bobby Reeves contests the district court's decision to admit evidence obtained during an investigatory stop; the evidence was used to convict Reeves for possession of narcotics with intent to distribute. The investigatory stop was based upon a tip from an informant who had seen, from some twenty-five feet away, a man exit a car and carry two plastic bags filled with a substance resembling grass clippings--and therefore presumed by the informant to be marijuana--into an apartment located in a complex previously identified as a location at which drug trafficking had occurred. The police later observed Reeves, who resembled the description given by the informant, enter a car matching the description offered by the informant. The police were unable to ascertain whether the informant had previously provided reliable information. Nevertheless, a police agent followed and pulled over Reeves' car for a dog sniff because (1) Reeves and the car matched the descriptions given by the informant, (2) when followed by an unmarked police car, Reeves drove the speed limit in the slow lane between two trucks, and (3) Reeves' car was registered in Oregon, a location known for growing marijuana.
 
 
 3
 Reeves maintains on appeal that the evidence obtained during the investigatory stop should have been excluded because the police lacked reasonable suspicion to stop him on the highway and conduct a dog sniff.[1] An officer may make an investigatory stop if he is aware of specific, articulable facts which, together with objective and reasonable inferences, form a basis for suspecting that particular person is engaged in criminal activity. United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989) (citing United States v. Cortez, 449 U.S. 411, 416-18 (1981)). This standard requires more than an "inchoate and unparticularized suspicion or hunch of a particular officer." Terry v. State of Ohio, 392 U.S. 1, 21-22 (1968).
 
 
 4
 We conclude that the police did not possess the specific, articulable, or objective facts necessary to justify the investigatory stop. Here, the informant did not state with any degree of certainty that she had observed the commission of a crime; she merely reported her own suspicions that a crime might have been committed. The information she provided was based upon her own assumptions about the contents of a bag. An ambiguous or uncertain tip by an unknown informant is generally insufficient to provide a reasonable suspicion for a search unless the "totality of the circumstances" indicate that the tip is a reliable one. Alabama v. White, 496 U.S. 325, 329-30 (1990). In this case, the police had no basis for concluding that the informant was reliable. Nor did they have any independent basis for concluding that a crime had been committed. The officer who conducted the stop did not know the informant and spoke with no one who could attest to her reliability. Moreover, the informant only provided information concerning a range of details relating to easily obtained facts and conditions that existed at the time of the tip. Id. at 332 (concluding that an agent could not verify the reliability of a tip by confirming that a car matching the informant's description was in front of the building because "[a]nyone could have 'predicted' that fact because it was a condition presumably existing at the time of the call."). Indeed, the informant herself gave no indication that she believed there were any drugs in the car at the time of the stop, and the police officer saw Reeves leave the apartment complex empty-handed when he returned to his car.
 
 
 5
 On appeal, the government's sole justification for the search was that the totality of the circumstances indicated that the tip was reliable. We disagree. Reeves' mere presence in an area known for drug activity did not provide a reasonable suspicion of criminal conduct. Brown v. Texas, 443 U.S. 47, 52 (1979). Similarly, the fact that Reeves drove a car registered in Oregon does not create a reasonable suspicion of criminal activity. United States v. Hernandez-Alvarado, 891 F.2d 1414 (9th Cir.1989); see also Reid v. Georgia, 448 U.S. 438, 441 (1980). Finally, Reeves' compliance with the speed limit was not suspicious, especially in light of the fact that he was followed in an unmarked police car. See U.S. v. Rodriquez, 976 F.2d 592, 596 (9th Cir.1992), amended, 997 F.2d 1306 (9th Cir.1993); see also Hernandez-Alvarado, 891 F.2d at 1419.
 
 
 6
 Thus, we conclude that the search in question violated the Fourth Amendment. Accordingly, the evidence--including evidence obtained during subsequent searches based on the initial investigatory stop--should have been suppressed. We reverse Reeves' conviction and remand this case to the district court for proceedings consistent with this decision.[2] The panel will retain jurisdiction over any further appellate proceedings in this matter.
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Because we find that the police lacked reasonable suspicion to conduct an investigatory stop, we do not address Reeves' contention that the police needed probable cause to pull his car over for some twenty minutes while waiting for the dog to arrive to conduct the sniff
 
 
 [2]
 We recognize that there is a question as to whether the special prosecutor, whose authorization had expired by the time of the trial, was properly supervised by an Assistant U.S. Attorney. United States v. Durham, 941 F.2d 886, 891 (9th Cir.1991); United States v. Plesinski, 912 F.2d 1033, 1038 (9th Cir.), cert. denied, 111 S.Ct. 1306 (1991). This record is not sufficiently developed to permit us to answer that question with certainty. Since the conviction must be set aside regardless of the outcome of any evidentiary hearing regarding the special prosecutor, we simply note that we have not addressed the question. Were the Government to elect to retry Reeves, the district court would necessarily face the issue of whether there was adequate supervision and, if not, whether retrial would subject Reeves to double jeopardy