141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Jose Luis BELTRAN, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Primintivo AESPURO Defendant-Appellant
 No. 96-10436, 96-10440.
D.C. No. CR-89-00476-WBS.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1997--San Francisco, California.
Decided Mar. 12, 1998.
 
 1
 Appeal from the United States District Court for the Eastern District of California William B. Shubb, District Judge, Presiding.
 
 
 2
 Before BOOCHEVER and KLEINFELD, Circuit Judges, WILSON**, District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 It is settled by United States v. Handa, 122 F.3d 690 (9th Cir.1997) that the district court had jurisdiction to resentence appellants, and that the enhancement of the sentence on the valid convictions did not violate the double jeopardy clause. The district judge's careful analysis, necessarily performed prior to Handa, was confirmed when that case came down.
 
 
 5
 As appellants' brief correctly concedes, both appellants were still serving their sentences under the valid counts (the counts not vacated because of Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995)) when they were resentenced. We therefore need not consider whether resentencing would have amounted to double jeopardy had defendants completed their sentences under the valid counts or been released prior to the resentencing. Cf. United States v. Arrelano -Rios, 799 F.2d 520, 523 (9th Cir.1986) ("increasing a legal sentence that already has been fully served would violate the Double Jeopardy Clause"); but see United States v. McClain, --- F.3d ---- (9th Cir. 1/13/98) (the distinction between defendants who have and have not "fully served that portion of their sentences" relating to the valid counts "is irrelevant").
 
 
 6
 Appellants' argument that there was vindictive prosecution is deficient, because the predicate for vindictive prosecution, increased punishment, was neither sought nor imposed. United States v. Kinsey, 994 F.2d 699, 701-02 (9th Cir.1993). Even though the sentences on the valid counts were increased, the total sentences were reduced.
 
 
 7
 In the alternative, if the increase in the sentence for the valid counts is considered increased punishment even though the total sentence is decreased, there was still no vindictive prosecution. United States v. Gallegos-Curiel, 681 F.2d 1164, 1169 (9th Cir.1982) controls. The sentences on the valid counts had to be increased to comply with the weapons enhancement guidelines provision; previously the weapons enhancement had not been imposed because the weapons were accounted for by the sentences on the separate weapons counts. The increased sentences on the valid counts did not "stem from an animus toward the exercise of a defendant's rights." Id. at 1169.
 
 
 8
 Appellants have brought to our attention that the Special Assistant United States Attorney may not have been lawfully appointed, and has directed out attention to United States v. Navarro, 959 F.Supp. 1273 (E.D.Cal.1997). Our duty to consider jurisdiction sua sponte requires us to remand, so that the district court can determine whether it retained jurisdiction. See United States v. Durham, 941 F.2d 886, 892 (9th Cir.1991). United States v. Plesinski, 912 F.2d 1033, 1038 (9th Cir.1990). The record does not enable us to determine whether the Special Assistant United States Attorney had served beyond the limitation of his appointment under 5 U.S.C. § 3372(a). Nor can we determine on the record before us whether the Special Assistant United States Attorney "was at all times acting under the direction and supervision of an Assistant United States Attorney," so that the district court would retain jurisdiction despite the special assistant's unauthorized participation. United States v. Plesinski, 912 F.2d 1033, 1038 (9th Cir.1990); see also Durham, 941 F.2d at 892.
 
 
 9
 AFFIRMED, but REMANDED for consideration of the Special Assistant United States Attorney issue described above.
 
 
 
 **
 The Honorable Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3