**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Timothy Jon ROBLES, Defendant–Appellant.**

No. 01–10036.
D.C. No. CR–98–00456–SOM.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 16, 2002.

Before SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

### MEMORANDUM**

Timothy Jon Robles appeals his 139–month sentence following his guilty plea to possession of methamphetamine with the intent to distribute it, in violation of 21 U.S.C. § 841. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

Robles contends that the district court erred by denying his motion to disqualify the Assistant United States Attorney (AUSA) prosecuting his case and by not holding an evidentiary hearing on the mo-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tion.[1] We review for abuse of discretion. *United States v. Plesinski*, 912 F.2d 1033, 1035 (9th Cir.1990) (motion to disqualify); *United States v. Houston*, 217 F.3d 1204, 1206–07 (9th Cir.2000) (evidentiary hearing).

Robles' motion to disqualify the AUSA was based on his claim that the prosecutor was withholding a substantial assistance departure recommendation, *see* U.S.S.G. § 5K1.1, based on the AUSA's bias against Robles and his attorney. Because Robles did not sufficiently support his motion, the district court did not abuse its discretion by denying the motion without an evidentiary hearing. In light of the AUSA's plausible explanation that his decision not to recommend a departure was based on the fact that Robles had not provided substantial assistance, we cannot say that we have a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *United States v. Schlette*, 842 F.2d 1574, 1577 (9th Cir.1988), *as amended by*, 854 F.2d 359 (9th Cir.1988).

**AFFIRMED.**

---

1. To the extent *Robles* has raised a claim of ineffective assistance of counsel based on a conflict of interest with his attorney, we decline to address this issue because it was first raised in the reply brief, *see United States v. Birtle*, 792 F.2d 846, 848 (9th Cir.1986) (stating that parties generally may not raise arguments for the first time in the reply brief), and we do not generally review claims of ineffec-

tive assistance of counsel on direct appeal. *See United States v. Laughlin*, 933 F.2d 786, 788 (9th Cir.1991) ("As a general rule, we will not review challenges to the effectiveness of defense counsel on direct appeal.").

