NOT FOR PUBLICATION

FILED

APR 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 07-10533 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. CR-05-00080-BES |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| JEFFREY LEIGH THURBER, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Nevada
Brian E. Sandoval, District Judge, Presiding

Submitted March 9, 2010[**]
San Francisco, California

Before:    FERNANDEZ, HAWKINS, and THOMAS, Circuit Judges.

Jeffrey Leigh Thurber appeals his conviction for attempted persuasion of a

minor to engage in sexual activity.  See 18 U.S.C. § 2422(b).  We affirm.

(1)    Thurber first asserts that the district court lacks jurisdiction because

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral
argument.  Fed. R. App. P. 34(a)(2).

the case was presented to the grand jury by a Special Assistant United States Attorney ("SAUSA"), who was not properly supervised and directed by the United States Attorney. Were his claim factually true, he would have a point. However, the record belies the claim. Thus, Thurber's jurisdictional claim fails. See United States v. Durham, 941 F.2d 886, 892 (9th Cir. 1991); United States v. Plesinski, 912 F.2d 1033, 1038 (9th Cir. 1990); see also United States v. Fowlie, 24 F.3d 1059, 1066 (9th Cir. 1994).

Thurber now asserts that the appointment process of the SAUSA was defective, and, therefore, jurisdiction was lacking. We disagree. A mere process defect is not a jurisdictional issue. See Bank of Nova Scotia v. United States, 487 U.S. 250, 254–56, 108 S. Ct. 2369, 2373–74, 101 L. Ed. 2d 228 (1988); Plesinski, 912 F.2d at 1038. Thurber's failure to raise the issue before trial waived it. See Fed. R. Crim. P. 12(b)(3); Durham, 941 F.2d at 892. Thus, we will not consider the claim.[1]

(2)     Thurber next asserts that the Double Jeopardy clause of the Fifth Amendment to the United States Constitution precludes this prosecution because a prosecution against him had previously been commenced by the State of Nevada.

_____

[1]In all events, even if there were an appointment defect, an issue we do not decide, Thurber wholly failed to show that any prejudice resulted from the SAUSA's grand jury appearance. See Plesinski, 912 F.2d at 1038–39.

2

However, jeopardy never attached in the Nevada proceedings because no issue of guilt was presented to a fact finder — be it a judge or jury. See Serfass v. United States, 420 U.S. 377, 388, 95 S. Ct. 1055, 1062, 43 L. Ed. 2d 265 (1975); United States v. Jose, 425 F.3d 1237, 1240 (9th Cir. 2005). Thus, this claim also fails.[2]

(3)      Thurber then asserts that the district court abused its discretion when it denied his motion in limine, which was designed to prevent the jury from hearing evidence of his sexually suggestive screen names and profile picture. We disagree. That evidence went directly to the question of his state of mind when he made contact with individuals in the chat room in question and were, therefore, probative on the issue of his intent to seek sexual activity from those he contacted, including the victim. See Fed. R. Evid. 401, 402, 404(b);[3] United States v. Curtin, 489 F.3d 935, 952 (9th Cir. 2007) (en banc). Nor does it appear that the evidence was more unfairly prejudicial than probative. See Fed. R. Evid. 403; United States v. Fagan, 996 F.2d 1009, 1015 (9th Cir. 1993). We cannot say that the district court abused

[2]Incidentally, because the State of Nevada and the United States were and remained separate sovereignties, which were not in privity, neither issue nor claim preclusion would apply, assuming there were any issues to be precluded. See United States v. Bhatia, 545 F.3d 757, 759 (9th Cir. 2008); see also United States v. Zone, 403 F.3d 1101, 1104–05 (9th Cir. 2005) (per curiam).

[3]Thurber did not rely on Rule 404(b) at the district court. Thus, plain error review applies to any claims founded on that rule. See Arizona v. Elmer, 21 F.3d 331, 334–35 (9th Cir. 1994). There was no error, much less plain error.

its discretion. See Curtin, 489 F.3d at 943.

Without discussion or citation of relevant authority, Thurber asserts that there were other evidentiary errors. He has abandoned those claims by failing to properly brief them. See United States v. Kimble, 107 F.3d 712, 715 n.2 (9th Cir. 1997); Greenwood v. F.A.A., 28 F.3d 971, 977 (9th Cir. 1994).

(4) With similar insouciance, Thurber asserts that the district court committed instructional error. Again, we will treat those assertions as abandoned. In all events, we need do no more about his summary claims than summarily indicate that they appear to be meritless.

(5) Finally, Thurber summarily asserts that the evidence was insufficient to support the jury's verdict. His failure to properly brief that claim abandons it also. We will not consider it.

AFFIRMED.