NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3579
_____

UNITED STATES OF AMERICA

v.

TOMAS LIRIANO CASTILLO,
                                  Appellant
_____

On Appeal from the District Court of the
Virgin Islands
(D.C. No. 3-16-cr-00029-001)
District Judge:  Hon. Curtis V. Gomez
_____

Argued
April 9, 2019

Before:   SMITH, *Chief Judge*, JORDAN and RENDELL, *Circuit Judges*.

(Filed: May 9, 2019)
_____

Joseph A. DiRusso, III   [ARGUED]
Daniel Lader
DiRuzzo & Company
401 East Las Olas Blvd.
Suite 1400
Ft. Lauderdale, FL  33131
       *Counsel for Appellant*

William Glaser   [ARGUED]
United States Dept. of Justice
Criminal Division
Suite 1264
950 Pennsylvania Avenue, NW
Washington, DC  20530

Sigrid M. Tejo-Sprotte
Office of United States Attorney
5500 Veterans Drive
Suite 260
St. Thomas, VI   00802
        *Counsel for Appellee*

Gregory M. Lipper
Clinton Brook & Peed
1455 Pennsylvania Avenue, NW
Suite 400
Washington, DC   20004
        *Counsel for Amicus*

_____

OPINION[*]
_____

JORDAN, *Circuit Judge*.

Tomas Lirano Castillo appeals the sentence imposed on him by the District Court of the Virgin Islands.  We will affirm.

## I.    BACKGROUND

In 2016, Castillo, carrying a backpack filled with several kilograms of cocaine, boarded a ship in Tortola headed for St. Thomas.  Unbeknownst to Castillo, Drug

_____

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Enforcement Administration agents in St. Thomas had been tipped off about the smuggling and were waiting for his arrival. They apprehended him after he disembarked.

Following a trial, a jury found Castillo guilty of conspiracy to distribute narcotics, in violation of 21 U.S.C. § 846; possession with intent to distribute narcotics, in violation of 21 U.S.C. § 841(a)(1); and illegal entry, in violation of 8 U.S.C. § 1325(a). The District Court imposed a sentence of 121 months' imprisonment for all three counts. Castillo appealed, and we vacated that sentence on the ground that it exceeded the statutory maximum for the illegal entry charge. *United States v. Castillo*, 742 F. App'x 610, 615-16 (3d Cir. 2018). We accordingly remanded for resentencing. *Id.* at 616.

That resentencing hearing was scheduled for November 8, 2018. The day before, November 7, 2018, Attorney General Jeff Sessions resigned from office, and the President named Matthew Whitaker, who had been the Attorney General's Chief of Staff, to be the Acting Attorney General.[1]

Castillo's resentencing took place as scheduled. He did not object to being resentenced while Mr. Whitaker was serving as Acting Attorney General. Six days later, however, Castillo filed a motion to vacate his sentence.[2] In that motion, he argued for the first time that Whitaker's designation as Acting Attorney General violated both federal

---

[1] We may take judicial notice of the date of the President's announcement designating Mr. Whitaker as Acting Attorney General because it "is not subject to reasonable dispute[.]" Fed. R. Evid. 201(b).

[2] He filed a substantively identical amended motion to vacate that same day. The amended motion is at issue on appeal, but, for convenience, we refer to it simply as the "motion to vacate."

law and the Constitution and, in turn, rendered his sentence invalid.  The next week, while the motion to vacate was still pending, the District Court entered its written judgment.  Castillo immediately appealed.

## II.    Discussion[3]

Castillo's sole claim on appeal is that his sentence must be vacated because it was imposed on him while Whitaker was serving as Acting Attorney General – illegally and unconstitutionally, in Castillo's view.  Because he did not raise that argument at his resentencing, we review it for plain error.[4]  *United States v. Fulton*, 837 F.3d 281, 294

---

[3] The District Court had jurisdiction under 48 U.S.C. § 1612 and 18 U.S.C. § 3231.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Castillo's pending motion to vacate does not affect our jurisdiction because it does not fall within one of the limited exceptions to the general rule that the filing of a timely notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also* 18 U.S.C. § 3582 (setting out exceptions); Fed. R. App. P. 4(b)(3) (same); *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014) (explaining that "Congress long ago abrogated" the common-law practice of allowing motions for reconsideration "in the sentencing context").  Nor did William Barr's confirmation as Attorney General moot the appeal.  Castillo requests a resentencing now that the Department of Justice is headed by a Senate-confirmed Attorney General, and that relief would be available were we to find his arguments meritorious.  *See Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016) ("A case becomes moot … 'only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" (citation omitted)).

[4] Castillo argues that plain error review should not apply.  He claims that Mr. Whitaker's designation was not public knowledge at the time of his resentencing and argues that he filed his motion to vacate, which raised the arguments he now presses on appeal, as fast as he could.  Under those circumstances, he contends, applying plain error would be "illogical[.]"  (Appellant Suppl. Resp. Br. at 4.)  We disagree.  The President publicly announced Whitaker's designation as Acting Attorney General the day before Castillo's resentencing, so Castillo could have raised the issue in the District Court. Moreover, the forfeiture rule is meant to protect the courts, not appellants, so Castillo's arguments are beside the point.  *Cf. Puckett v. United States*, 556 U.S. 129, 134-35 (2009)

4

n.112 (3d Cir. 2016). "To demonstrate plain error, an appellant must establish that (1) there is an error; (2) the error is clear or obvious; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* at 294 (quotation marks, citations, and alterations omitted).

Castillo argues that Mr. Whitaker's designation as Acting Attorney General violated both the Attorney General Succession Act ("AGSA"), 28 U.S.C. § 508, and the Appointments Clause of the Constitution, U.S. Const. Art. II, § 2, cl. 2, and that, as a result, the sentence at issue is invalid. In other words, he contends that Whitaker's appointment was improper, that it infected the entire Department of Justice, and that it thus rendered invalid every sentence imposed during Whitaker's tenure. That argument fails.

For an error to be "plain," it must be "clear" or "obvious" at the time of appellate review. *United States v. Olano*, 507 U.S. 725, 734 (1993); *Henderson v. United States*, 568 U.S. 266, 269 (2013). We have not previously addressed the legality of Mr. Whitaker's designation as Acting Attorney General. Nor have we addressed more

("And of course the contemporaneous-objection rule prevents a litigant from 'sandbagging' the court[.]" (citation omitted)). Plain error review applies.
   It does so despite the fact that the government initially failed to argue that it should. The government eventually did argue that plain error should apply, and the parties have had a full opportunity to address the issue. "[I]n the final analysis, it is for the Court to evaluate the issues presented by the appellant or petitioner." *Leslie v. Att'y Gen.*, 611 F.3d 171, 174 n.2 (3d Cir. 2010); *cf. United States v. Edwards*, 792 F.3d 355, 358 n.4 (3d Cir. 2015) (declining to apply plain error review because "the Government d[id] not argue that we should review this case for plain error").

generally the means by which the President may properly appoint an Acting Attorney General. That lack of precedent alone may suggest that any error on this point was not plain. *Cf. United States v. Dahl*, 833 F.3d 345, 358 (3d Cir. 2016) (concluding an error was plain given Supreme Court precedent addressing the issue). More tellingly, in the time since Whitaker's designation, other courts have been asked to address the validity of his designation and have, thus far, uniformly concluded that it was proper.[5] In view of that case law, it was certainly not "clear" or "obvious" that Castillo's sentence was somehow flawed if imposed during the Acting Attorney General's tenure.

Beyond that, many courts have held that the legality of Whitaker's service as Acting Attorney General has no bearing on the validity of criminal prosecutions or sentences.[6] Castillo was prosecuted by Assistant United States Attorneys who were

---

[5] *See Guedes v. ATF*, 356 F. Supp. 3d 109, 139, 153-54 (D.D.C. 2019) (concluding, in the context of a motion for a preliminary injunction, that Mr. Whitaker's selection as Acting Attorney General did not violate federal law or Appointments Clause), *aff'd on other grounds*, 920 F.3d 1 (D.C. Cir. 2019); *United States v. Santos-Caporal*, No. 1:18 CR 171 AGF (ACL), 2019 WL 468795, at *2-7 (E.D. Mo. Jan. 9, 2019) (concluding that Mr. Whitaker's designation was valid under federal law and the Constitution); *United States v. Smith*, No. 1:18-cr-00115-MR-WCM, 2018 WL 6834712, at *2-3 (W.D.N.C. Dec. 28, 2018) (same); *United States v. Peters*, No. 6:17-CR-55-REW-HAI-2, 2018 WL 6313534, at *2-5 (E.D. Ky. Dec. 3, 2018) (same); *United States v. Valencia*, 2018 WL 6182755, at *2-7 (W.D. Tex. Nov. 27, 2018) (same); *see also Hooks v. Kitsap Tenant Support Servs. Inc.*, 816 F.3d 550, 556 (9th Cir. 2016) (concluding "that the F[ederal Vacanies Reform Act ("FVRA")] retains the vacancy-filling mechanisms in forty different [office-specific vacancy] statutes"); *English v. Trump*, 279 F. Supp. 3d 307, 317-18 (D.D.C. 2018), *appeal dismissed*, No. 18-5007, 2018 WL 3526296 (D.C. Cir. July 13, 2018) (stating that "the FVRA's exclusivity provision makes clear that it was generally intended to apply alongside agency-specific statutes, rather than be displaced by them").

[6] *See, e.g.*, *Santos-Caporal*, 2019 WL 468795, at *7 (concluding that even if Mr. Whitaker's designation as Acting Attorney General were invalid, it would not affect the

supervised by the duly appointed United States Attorney for the Virgin Islands, who has independent statutory authority to "prosecute … all offenses against the United States[.]"[7] 28 U.S.C. § 547(1). That United States Attorney was supervised in the exercise of her independent prosecutorial power by the Senate-confirmed Deputy Attorney General. *Id.* § 504; *see also* 28 C.F.R. § 0.15(a) (authorizing the Deputy Attorney General "to exercise all the power and authority of the Attorney General, unless any such power or authority is required by law to be exercised by the Attorney General personally"); *see also United States v. Peters*, No. 6:17-CR-55-REW-HAI-2, 2018 WL 6313534, at *6 (E.D. Ky. Dec. 3, 2018) ("Former-AG Sessions, as the D[epartment of Justice]'s organizational structure indicates, delegated supervisory authority over all United States Attorneys … to the Deputy AG."). Mr. Whitaker had no direct involvement in Castillo's case and certainly no role in deciding the fact of his conviction or appropriate sentence. *Cf. Ryder v. United States*, 515 U.S. 177, 182-83 (1995) ("We

---

validity of the defendant's prosecution); *Smith*, 2018 WL 6834712, at *3 ("Even if there were some sort of defect in Whitaker's appointment, however, there are several reasons why such defect would not affect the validity of the current proceeding."); *Peters*, 2018 WL 6313534, at *7 ("If Whitaker is not a proper Acting AG, [the defendant] seeks to invalidate every ongoing prosecution as proceeding under faulty leadership. Whatever may be the analysis for affirmative conduct by an Acting AG, the ship of state continues on, despite personnel changes. [The defendant] offers nothing to suggest that locally originated prosecutions end if an AG faces qualification challenges.").

The government initially failed to argue that Castillo's sentence is valid regardless of the validity of Mr. Whitaker's designation, so Castillo argues that argument is forfeited. Despite the government's failure, we can consider the argument. *See Leslie*, 611 F.3d at 174 n.2 ("[I]n the final analysis, it is for the Court to evaluate the issues presented by the appellant or petitioner.").

[7] The current United States Attorney for the District of the Virgin Islands was appointed to that position by the District Court pursuant to 28 U.S.C. § 546(d).

think that one who makes a timely challenge to the constitutional validity of the appointment of an officer who *adjudicates his case* is entitled to a decision on the merits of the question and whatever relief may be appropriate if a violation indeed occurred." (emphasis added)). And Castillo has not explained how Whitaker's service had any impact on the jurisdiction of the District Court to pronounce sentence. *Cf.* 48 U.S.C. § 1612; 18 U.S.C. § 3241; *United States v. Plesinski*, 912 F.2d 1033, 1038 (9th Cir. 1990) (concluding that, even though the Special Assistant U.S. Attorney's appointment was invalid, his "unauthorized appearance on behalf of the government did not deprive the district court of jurisdiction over the criminal proceedings").

Accordingly, resentencing Castillo while Mr. Whitaker was serving as Acting Attorney General did not constitute plain error.

## III. CONCLUSION

For the foregoing reasons, we will affirm the sentence imposed by the District Court.