**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dennis PRICE, Defendant–Appellant.**

**No. 02–10196.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2002.

Filed Dec. 26, 2002.

Daniel J. Albregts, Las Vegas, NV, for the defendant-appellant.

Michael R. Fisher, United States Department of Justice, Environment & Natural Resources Division, Washington, DC, for the plaintiff-appellee.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

## OPINION

SILVERMAN, Circuit Judge:

We hold today that the Double Jeopardy Clause does not bar the defendant's federal criminal prosecution for a violation of the Clean Air Act, 42 U.S.C. §§ 7412,

7413(c), even though the defendant was previously assessed a civil penalty for the same conduct by the Clark County, Nevada Health District for a violation of county asbestos-removal regulations that mirror the federal standards.

## I. Background

The Landmark Hotel and Casino in Las Vegas, Nevada hired AB–HAZ Environmental as its on-site representative to supervise the removal of all regulated asbestos-containing materials from the buildings prior to their demolition in accordance with federal and local regulations. In 1994, the Clark County Health District issued a Notice of Violation to AB–HAZ alleging that the company's activities at the Landmark violated Section 13.1.7 of the Clark County Health District Air Pollution Control Regulations. In 1995, AB–HAZ entered into a settlement agreement with the Clark County Health District. The agreement provided in pertinent part:

WHEREAS, the Clark County Health District ("District") issued Notice of Violation # 2695 ("NOV"), dated November 18, 1994, to AB–HAZ Environmental ("AB–HAZ");

WHEREAS, the District alleges in the NOV that AB–HAZ is liable for violations of Section 13.1.7 (Emission Standards for Hazardous Air Pollutants) of the District's Air Pollution Control Regulations in connection with an asbestos abatement project at the Landmark Hotel and Casino....

. . . .

NOW THEREFORE, the parties hereto agree as follows.

. . . .

### II. CIVIL PENALTY

2. AB–HAZ shall pay a civil penalty of Eighteen Thousand Dollars ($18,-000.00) to the District. The parties agree that this civil penalty is being paid for purposes of settlement of the District's NOV....

### III. FULL SETTLEMENT

3. This Settlement Agreement constitutes a full settlement of any and all violations of Section 13.1.7 of the District's Air Pollution Control Regulations arising out of or related to the allegations in the NOV.... The District shall not commence any further enforcement action whatsoever against AB–HAZ arising out of the facts or violations set forth in the NOV.

The agreement was signed on behalf of the Clark County Health District by its director, and on behalf of AB–HAZ by its president, Dennis Price. Below the the District director's signature, the following additional language was hand-written in: "This agreement has no legal status until it is accepted and approved by the Air Pollution Control Hearing Board."

In 1996, a federal grand jury in the District of Nevada indicted AB–HAZ, Price, and two AB–HAZ employees on the following charges: Count I, Conspiring to Violate the Clean Air Act (18 U.S.C. § 371); and Count II, Violation of the Clean Air Act (42 U.S.C. §§ 7412 and 7413(c)(1)). These charges stemmed from the defendants' participation in the 1994 asbestos removal project at the Landmark. Specifically, the indictment alleged that the defendants knowingly violated federal work practice standards for the removal of asbestos-containing materials by causing quantities of asbestos-containing debris to be left behind in the building when the debris should have been gathered, while wet, and placed in leak-proof containers for proper disposal.

The case was tried to a jury and Price was convicted of knowingly violating the Clean Air Act under Count II of the indictment. Due to an error in the jury instructions, we reversed the conviction and remanded the case for a new trial. *United States v. Dipentino*, 242 F.3d 1090 (9th Cir.2001). Shortly before the new trial was to begin, Price filed a motion to dismiss the indictment on double jeopardy grounds. He argued that the federal prosecution was barred by the Double Jeopardy Clause because the $18,000 fine he paid in 1995 to the Clark County Health District for violations of the District's asbestos regulations already punished him for the same conduct. The district court denied the motion, but stayed the case to allow Price to file an interlocutory appeal of the denial of the motion to dismiss.

## II. Jurisdiction and Standard of Review

■■■ We will exercise jurisdiction over an interlocutory appeal of denial of a motion to dismiss on double jeopardy grounds if the double jeopardy claim is "colorable." *See Richardson v. United States*, 468 U.S. 317, 322, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984); *Abney v. United States*, 431 U.S. 651, 662, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). A double jeopardy claim is colorable if it has "some possible validity." *United States v. Sarkisian*, 197 F.3d 966, 983 (9th Cir.1999). Price claims that the separate sovereign doctrine does not apply because the federal government delegated authority to enforce the Clean Air Act to the State of Nevada, which in turn delegated federal authority to the Clark County Health District. As will be seen below, this position is without merit. However, it is an issue of first impression in this circuit and raises at least a colorable issue.

■■■ The district court's denial of a motion to dismiss on double jeopardy grounds

is reviewed *de novo*. *United States v. James*, 109 F.3d 597, 599 (9th Cir.1997).

## III. Discussion

■■■ Under the separate sovereign doctrine, a single act that violates the laws of two separate sovereigns constitutes two separate crimes, and prosecutions by each of these sovereigns does not violate the Double Jeopardy Clause. *See Heath v. Alabama*, 474 U.S. 82, 88, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985). "Whether two entities that seek to successively prosecute a defendant for the same conduct are separate sovereigns depends on 'whether the two entities draw their authority to punish the offender from distinct sources of power.'" *United States v. Traylor*, 978 F.2d 1131, 1132 (9th Cir.1992) (quoting *Heath*, 474 U.S. at 88, 106 S.Ct. 433).

Price argues that under 42 U.S.C. § 7412 the federal government has delegated to the State of Nevada authority to enforce the Clean Air Act standards, which Nevada thereby delegated to the Clark County Health District. Therefore, he argues, the Clark County Health District is acting under federal authority and the separate sovereign doctrine does not apply. This is incorrect.

Asbestos is a hazardous air pollutant ("HAP") regulated under 42 U.S.C. § 7412. *Id.* § 7412(a)(6) & (b)(1). Under this provision of the Clean Air Act, the EPA is directed to prescribe and enforce emission standards for HAPs. *Id.* § 7412(d). However, where emission standards are not feasible, the EPA is directed instead to promulgate work practice standards designed to reduce emissions. *Id.* § 7412(h)(1). The EPA determined that asbestos pollution cannot be reduced through emission standards, and therefore, promulgated work practice standards aimed at reducing asbestos emissions during the removal of asbestos-containing ma-

terials. *See* 40 C.F.R. § 61.145; *see also United States v. Pearson,* 274 F.3d 1225, 1229 (9th Cir.2001).

In the State of Nevada, regulation of air pollution is the responsibility of local agencies. The state enacted Nevada Revised Statute 445B.500 authorizing the district boards of health to establish a program for control of air pollution and to administer the program within their jurisdiction. *See* Nev.Rev.Stat. 445B.500. Pursuant to this statute, the Clark County Health District promulgated air pollution control regulations "in the exercise of the police power of this county ... as required by state law." Preamble, Clark County Air Quality Management Board, Air Quality Regulations at ¶ 5. The District's asbestos regulations establishing work practice standards are identical to those promulgated by the EPA under the Clean Air Act.

Under the statutory framework of the Clean Air Act, states are not preempted from adopting and enforcing their own regulations. *See* 42 U.S.C. § 7416 (noting the "Retention of State authority" to adopt and enforce air pollution provisions at least as stringent as the minimum federal standards set out in § 7412); *see also Louisiana Envtl. Action Network v. Browner,* 87 F.3d 1379, 1381 (D.C.Cir.1996). Rather, state and local agencies are invited to participate in the regulation of HAPs. This creates "a dual state-federal system of air pollution enforcement." *United States v. Stauffer Chem. Co.,* 684 F.2d 1174, 1177 (6th Cir.1982).

■ A state or local agency may choose to develop its own plan for regulation of HAPs in its jurisdiction and to submit it to the EPA for approval. 42 U.S.C. § 7412(*l*)(1) & (8). The only requirement § 7412 places on this plan is that the plan's standards must be at least as stringent as the minimum federal standards in the Clean Air Act. *See id.* §§ 7412(*l*)(1), 7416.

Once the EPA has approved the plan and upon request of the state, the EPA delegates the responsibility to implement and enforce the plan's standards to the state. *Id.* § 7412(*l*)(1). Any actions taken subsequent to this are the actions of the state, not of the federal government. *See Shell Oil Co. v. Train,* 585 F.2d 408, 412 (9th Cir.1978) (recognizing that under the Clean Water Act once a state has secured approval of its own permit program from the EPA, "its action in permit matters are those of the state itself"). The Clean Air Act itself recognizes that "air pollution control ... is the primary responsibility of States and local governments." 42 U.S.C. § 7401(a)(3). It is thus apparent that the Clark County Health District was acting under state authority when it pursued civil enforcement action against AB–HAZ for violating the District's asbestos regulations.

The Sixth Circuit in *United States v. Louisville Edible Oil Prods., Inc.,* 926 F.2d 584 (6th Cir.1991), addressed a similar double jeopardy claim and held that the separate sovereign doctrine applied. Louisville Edible had been fined by the Jefferson County Air Pollution Control District for violating asbestos regulations. *Id.* at 585. Some time after this, Louisville Edible was charged by federal indictment for knowingly violating asbestos regulations under the Clean Air Act. *Id.* Louisville Edible moved to dismiss the indictment on the ground that the federal prosecution was barred by the Double Jeopardy Clause because of the previous fines levied against it by the local environmental enforcement agency. *Id.* The Sixth Circuit rejected this argument.

Here the state prosecution was directed by the Air Pollution Board, which derives its jurisdiction from state law; as a state actor the Air Pollution Board is a "separate sovereign [ ] with respect to

the Federal Government because each state's power to prosecute is derived from its own 'inherent sovereignty,' not from the federal government." Accordingly, the Jefferson County Air Pollution Board and the United States, through the Environmental Protection Agency, may each pursue claims against Louisville Edible for the same conduct without subjecting the defendant to double jeopardy.

*Id.* at 587 (internal citations omitted). Price attempts to distinguish this case by arguing that in *Louisville Edible* there was evidence that the State of Kentucky exercised independent thought and judgment in deciding which federal standards to adopt, while Nevada merely cribbed the federal standards verbatim. However, a state does not *act* under federal authority just because it chooses to adopt regulations that mirror the minimum federal standards. Nevada was free to adopt more stringent standards if it wished.

Because the Clark County Health District and the United States government are separate sovereigns, enforcement action taken by the former did not create a double jeopardy bar to criminal prosecution by the latter.[1]

AFFIRMED.

---

1. Because we decide this case on the basis of the separate sovereign doctrine, it would not matter—and therefore we need not decide— whether the Clark County Health District's enforcement action was a criminal prosecution or civil in nature.