Barry J. SUSSMAN, Plaintiff—
Appellant,

v.

UNUM PROVIDENT CORPORATION,
a Tennessee corporation, et al.,
Defendants—Appellees.

No. 01–57191.
D.C. No. CV–00–00558–GLT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 7, 2003.

Decided May 6, 2003.

Before PREGERSON, TASHIMA, and
CLIFTON, Circuit Judges.

MEMORANDUM *

Plaintiff–Appellant Barry J. Sussman, M.D., brought this diversity action against Defendant–Appellee Provident Life and Accident Insurance Co. for failure to pay benefits under his disability insurance policy. On appeal, he challenges the "total disability" jury instruction, two evidentiary rulings, and the denial of his motion for a new trial. Because the parties are familiar with the facts, we do not recite them unless necessary. We affirm.

■ The challenged instruction was not inconsistent with California law. Sussman

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

contends that the entire excerpt from *Erreca v. Western States Life Ins. Co.*, 19 Cal.2d 388, 396, 121 P.2d 689 (1942), has never been used in a jury instruction on total disability, noting that subsequent case law defines "total disability" without reference to the "substantial portion" sentence. But the cases he directs us to only omitted the third sentence, never specifically overruling its use or even discussing it, and other cases have continued to recite the "substantial portion" sentence in defining total disability. Moreover, because Sussman failed to present a proper and clear objection to this jury instruction below, this argument is waived on appeal. This court has long enjoyed the "reputation as the strictest enforcer of Rule 51," as we have consistently declared that there is no "plain error" exception in civil cases in this circuit. *Voohries–Larson v. Cessna Aircraft Co.*, 241 F.3d 707, 713 (9th Cir. 2001) (quoting *Hammer v. Gross*, 932 F.2d 842, 847 (9th Cir.1991) (en banc)). A proper objection to the instruction as given would not have amounted to a "pointless formality," under *Voohries*, 241 F.3d at 714–15.

■ We also reject Sussman's argument that the district court abused its discretion by excluding the Social Security Administration's ("SSA") finding that Sussman was disabled. We agree with the district court that this finding—based on an entirely different standard for "disability"—was not relevant in a private disability suit. Moreover, any slight probative value it might have had could properly be found to be outweighed by the risks of confusing the issues and creating undue delay (with a mini-trial on SSA's methodology and findings).

Allowing Provident to argue and submit evidence that the policy benefits would be tax-free to Sussman was also not erroneous. The tax-free character of disability benefits was relevant to Provident's argument regarding Sussman's financial motivation to file a disability claim rather than continue with an allegedly deteriorating practice. Moreover, the reason for ordinarily excluding tax treatment does not apply here—the jury was not going to calculate damages even if Sussman won.

■ The district court properly denied Sussman's argument that the jurors' discussions about their experiences with non-surgical ophthalmologists constituted "prejudicial extraneous information" within the meaning of Fed.R.Evid. 606(b), thereby requiring a new trial. We have long held "that in their deliberations jurors more or less generally recall experiences in their own lives, and if new trials were commonly granted for such a reason there would be no end to litigation." *Casey v. United States*, 20 F.2d 752, 754 (9th Cir. 1927). Because the jurors' prior experiences with non-surgical ophthalmologists were non-extraneous background experiences, they are "within the rule rather than the exception of 606(b)." *United States v. Krall*, 835 F.2d 711, 716 (8th Cir.1987); *accord Morgan v. Woessner*, 997 F.2d 1244, 1261 (9th Cir.1993).

Finally, we affirm summary judgment to Provident on bad faith. The jury found that Provident did not breach the contract, so it could not have found bad faith termination.

**AFFIRMED.**