UNITED STATES of America, Plaintiff—Appellee,

v.

**Troy URIE, Defendant—Appellant.**

No. 07–10287.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2008.

Filed April 14, 2008.

---

Shashi Hari Kewalramani, Office of the U.S. Attorney, Oakland, CA, for Plaintiff–Appellee.

Katherine Anne Alfieri, Esq., San Francisco, CA, for Defendant–Appellant.

Before: HUG, RYMER, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Troy Urie appeals an interlocutory order by the district court denying his motion to dismiss the indictment based on double jeopardy and collateral estoppel grounds. We dismiss the appeal for lack of jurisdiction.

In 2006, Urie was indicted for conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 371, wire and mail fraud, and aiding and abetting, in violation of 18 U.S.C. §§ 1341–43, and forfeiture under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The government alleged that Urie sought to defraud a company of its goods by impersonating an executive of Agilent Technologies, Inc. ("Agilent

scheme"). About eighteen months prior to being indicted, Urie was convicted of conspiracy and fraud crimes for defrauding a different company of its goods by impersonating an executive of Sanmina SCI Corporation ("Sanmina scheme"). In that case, the court instructed the jury to determine sentencing factors, including the intended loss amount which was reasonably foreseeable. The court instructed the jury that in determining this amount, it should consider loss resulting from acts and omissions that were part of the same course of conduct or common scheme or plan as the conviction. The government argued that the amount should include a $730,000 loss resulting from the then-uncharged Agilent scheme, and the defense argued that it should not be included. In the end, the jury determined that the intended loss amount was $1 million to $2.5 million.

On appeal, Urie argues that the district court erred in denying his motion to dismiss the indictment based on double jeopardy and collateral estoppel. Urie argues that his prosecution is barred because the Sanmina jury, in finding that his intended loss amount was $1 million to $2.5 million for the Sanmina scheme, in effect made a finding that he was not guilty of the Agilent scheme. Thus, Urie argues that the Sanmina jury determined the issue of his innocence of the Agilent scheme and that this prosecution is therefore barred by the Fifth Amendment.

We review the denial of a motion to dismiss on double jeopardy grounds de novo. *United States v. Hickey*, 367 F.3d 888, 891 n. 3 (9th Cir.2004). Although an appellate court usually does not have jurisdiction over a criminal case until the conviction and sentence is imposed, a narrow

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

exception exists to the finality rule for the denial of pretrial motions based on double jeopardy and collateral estoppel. *Id.* at 890; *United States v. Price,* 314 F.3d 417, 420 (9th Cir.2002). The Double Jeopardy Clause not only bars a second prosecution for the same offense of which a defendant has been acquitted or convicted, but also bars the government from prosecuting "a defendant on an *issue* that has been determined in [his] favor in a prior prosecution, regardless of the particular offense involved in the earlier trial." *United States v. Castillo–Basa,* 483 F.3d 890, 896 (9th Cir.2007). An appellate court has jurisdiction over the denial of pretrial motions made on these grounds however only if the defendant presents a "colorable" double jeopardy or collateral estoppel claim, *i.e.,* the claim must have "some possible validity." *Hickey,* 367 F.3d at 891; *United States v. Zone,* 403 F.3d 1101, 1104 (9th Cir.2005). For a collateral estoppel claim, which Urie asserts, it must be shown that (1) the issue sought to be litigated is sufficiently similar to the issue in the earlier case and sufficiently material in both actions; (2) the issue was actually litigated in the first case; and (3) the issue was necessarily decided in the first case. *United States v. Hernandez,* 572 F.2d 218, 220 (9th Cir.1978).

We hold that Urie has failed to present a colorable collateral estoppel claim because he cannot show that the issue of his innocence of the Agilent scheme was actually litigated and decided in the earlier case. The issue of Urie's culpability of the Agilent scheme was *not actually litigated* in the earlier case because that issue was not presented to the jury, argued to the jury, or litigated by either party. His culpability for the Agilent scheme was also *not necessarily decided* in the earlier case because there is no possible way for us to determine whether the jury in the earlier case included the $730,000 Agilent scheme

loss or not in the final intended loss determination. Because Urie fails to present a colorable collateral estoppel claim, this court lacks jurisdiction to review the denial of the motion to dismiss the indictment. *See Hickey,* 367 F.3d at 892–93 (holding that this court lacked jurisdiction based on the failure to present a colorable collateral estoppel claim).

**DISMISSED.**

RAWLINSON, Circuit Judge, concurring:

I concur in the result.