**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jaime CONTRERAS–CISNEROS,**
**Defendant—Appellant.**

No. 07–10532.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 20, 2008.

Filed Oct. 27, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

John Norman Glang, Assistant U.S., Office of the U.S. Attorney, San Jose, CA, Barbara Valliere, Assistant U.S., Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Lara Vinnard, Assistant Federal Public Defender, FPDCA–Federal Public Defend-

er's Office San Jose, CA, for Defendant–Appellant.

Before: SCHROEDER, D.W. NELSON, and REINHARDT, Circuit Judges.

## MEMORANDUM *

Appellant Jaime Contreras–Cisneros appeals the denial of his motion to dismiss his indictment. Appellant argues that the indictment violates the Double Jeopardy Clause, U.S. Const., amend. V, because he has already been convicted of the same offense in state court. We affirm the district court.

The court has jurisdiction under 28 U.S.C. § 1292 to hear an interlocutory appeal from an order denying a motion to dismiss on double jeopardy grounds. *See United States v. Figueroa–Soto*, 938 F.2d 1015, 1016 (9th Cir.1991) (citing *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977)). However, interlocutory jurisdiction exists only if the appellant's claim of double jeopardy is colorable. *United States v. Zone*, 403 F.3d 1101, 1104 (9th Cir.2005). "A double jeopardy claim is colorable if it has some validity." *Id.* (citations omitted). Because appellant's claim presents an issue of first impression with "some validity," *see United States v. Price*, 314 F.3d 417, 420 (9th Cir.2002), we have jurisdiction.[1]

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. At oral argument, the government argued that Contreras–Cisneros's double jeopardy claim must be rejected because his federal indictment for conspiracy to distribute methamphetamine, 21 U.S.C. §§ 846(a)(1), 846(b)(1)(A)(viii), does not involve the same offense as his state indictment for possession of methamphetamine for sale, Cal. Health & Safety Code 11378. *See United States v. Felix*, 503 U.S. 378, 390–91, 112 S.Ct. 1377, 118 L.Ed.2d 25 (1992). Because this argument was not raised in briefing before this court, it has been waived. Fed. R.App. P. 28(a)(9)(A); 29(b).

The Supreme Court has held that the Double Jeopardy Clause is not violated by successive state and federal prosecutions. *See Abbate v. United States,* 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); *United States v. Lanza,* 260 U.S. 377, 382, 43 S.Ct. 141, 67 L.Ed. 314 (1922). We apply on-point Supreme Court precedents and leave to the Supreme Court "the prerogative of overruling its own decisions." *Agostini v. Felton,* 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997). Accordingly, appellant's double jeopardy claim must fail unless it falls within an exception to the rule permitting successive state and federal prosecutions.

Appellant alleges that his claim is covered by such an exception, because the state prosecution here was a "tool" and a "cover" for the federal government. *See Figueroa–Soto,* 938 F.2d at 1019. "We have recognized that in theory [a "tool" or "cover"] exception does exist. As a practical matter, however, ... it is extremely difficult and highly unusual to prove that a prosecution by one government is a tool, a sham, or a cover for the other government." *Id.* Appellant can make no such showing here.

Appellant alleges that the state prosecution was a "tool" or "cover" because the federal Drug Enforcement Administration ["DEA"] initiated appellant's arrest and requested that the state prosecute appellant; because appellant did not learn of the DEA's role in his arrest during his state prosecution; and because certain DEA evidence relating to appellant's role in the methamphetamine trafficking operation and to the informant who led the DEA to the appellant was withheld from both the appellant and the state prosecutor. While troubling, these circumstances do not justify the conclusion that the state prosecution was " '*merely* a tool of the federal authorities' " such that the initial prosecution was " '*in essential fact* another federal prosecution.' " *Id.* (quoting *Bartkus v. Illinois,* 359 U.S. 121, 123–24, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959)) (emphasis added). Although the state prosecution served the federal government's interest in maintaining the secrecy of an ongoing DEA investigation, the prosecution also vindicated the state's sovereign interest in enforcing its drug laws. Likewise, although the DEA's actions affected the state prosecution by limiting the information and evidence available to the state and to the appellant, the federal government played no active role in the state prosecution beyond its initial request that the appellant be prosecuted in state court. Because the state remained an independent sovereign pursuing its own sovereign interests throughout the state prosecution, appellant has failed to demonstrate that the state government was a "tool" or "cover" for the federal government.

Accordingly, we **AFFIRM** the district court's denial of appellant's motion to dismiss the indictment.[2]

---

**2.** The district court also rejected appellant's argument that the indictment violated due process. That argument is not before this court on appeal, and we offer no opinion as to the merits of any subsequent appeal premised on due process grounds rather than double jeopardy.