UNITED STATES of America,
Plaintiff—Appellee,

v.

**Jesus Taitano SABLAN, Defendant—Appellant.**

No. 08–10045.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2008.

Filed Dec. 9, 2008.

Before: GOODWIN, CLIFTON and BEA, Circuit Judges.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Eric S. O'Malley, Esquire, Assistant U.S., USNMI–Office of the U.S. Attorney, Saipan, MP, Rosetta Laura San Nicolas, Esquire, Assistant U.S., U.S. Attorney's Office, Agana, GU, for Plaintiff–Appellee.

Richard P. Arens, Esquire, Office of the Federal Public Defender, Mongmong, GU, for Defendant–Appellant.

Before: SCHROEDER, PAEZ and N.R. SMITH, Circuit Judges.

### MEMORANDUM *

Jesus Taitano Sablan appeals the denial of his motion to dismiss a federal indictment on the basis that prosecution of the pending federal charges is barred by the principle of collateral estoppel embodied in the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. We have jurisdiction under 28 U.S.C. § 1291. We review *de novo* the district court's denial of a motion to dismiss an indictment based upon double jeopardy and collateral estoppel. *United States v. Castillo–Basa,* 483 F.3d 890, 895 (9th Cir.2007). We review the district court's factual findings, on which the denial may be based, for clear error. *Id.* We affirm.

We begin by noting that the basis for the pending charges is Sablan's admitted theft of two cases of beer from a local store and his use of a gun in that crime. Although the allegations in the indictment may satisfy the technical requirements for a Hobbs Act violation, we question the wisdom of pursuing such charges where the conduct at issue appears classically suited to prosecution by Commonwealth authorities.

█ The constitutional protection against double jeopardy encompasses principles of *res judicata* (claim preclusion) and collateral estoppel (issue preclusion).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

See *United States v. Bhatia*, 545 F.3d 757, 759 (9th Cir.2008). Here, Sablan waived his ·double jeopardy (claim preclusion) argument. *See United States v. Hernandez–Guardado*, 228 F.3d 1017, 1029 (9th Cir. 2000) (right against double jeopardy is subject to waiver and forfeiture). His attorney stated in his briefs and at oral argument that the federal prosecution is not barred under *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and urged the court not to apply the *Blockburger* analysis to determine whether theft is a lesser included offense of Hobbs Act robbery. Therefore, we do not address whether the current prosecution for Hobbs Act robbery and firearm violations constitutes successive prosecution for the same offenses for which Sablan was previously convicted in the territorial court.

■ The doctrine of collateral estoppel does not bar Sablan's federal prosecution for Hobbs Act robbery and for using and carrying a firearm during a crime of violence. We agree that the factual issues underlying the federal charges are the same factual issues that formed the basis of Sablan's prior guilty plea and conviction in territorial court. However, collateral estoppel does not preclude subsequent criminal prosecutions involving facts and issues previously litigated or admitted. Rather, in criminal prosecutions, collateral estoppel only works to bar the government from asserting facts or issues that are inconsistent with any determinations made in a previous action between the same parties. *See Castillo–Basa*, 483 F.3d at 896–97. *See also United States v. Arnett*, 327 F.3d 845, 849 (9th Cir.), *opinion rein-*

stated by 353 F.3d 765 (9th Cir.2003) (en banc).

**AFFIRMED.**