MEMORANDUM ***
In 2000, Barry J. Sussman, an opthamol-ogist, sued his disability insurer for discontinuing coverage. The jury found in favor of the insurer, and Sussman appealed challenging the jury instruction proffered by the insurer which stated that he was not totally disabled if he could perform a “substantial portion” of his occupation. In an unpublished disposition, we held on appeal that the questioned instruction complied with state law and that Sussman’s failure to object to the jury instruction in the district court constituted a waiver of his argument on appeal. Sussman v. Unum Provident Corp., 65 Fed.Appx. 123, 124 (9th Cir.2003).
In 2007, Sussman filed this independent action seeking relief from the original judgment based on fraud on the court under Federal Rule of Civil Procedure 60(b). The district court dismissed the action under Federal Rule of Civil Procedure 12(b)(6). Sussman, proceeding pro se, filed a timely notice of appeal; we affirm the dismissal.[1]
The district court did not abuse its discretion in determining that, even if Provident had argued an incorrect legal position regarding whether Sussman could perform a “substantial portion” of his work as an opthamologist, it was not a failure to disclose that constituted “a grave miscarriage of justice,” which is required for relief by an independent action under Rule 60(b). United States v. Beggerly, 524 U.S. 38, 47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998); see In re Levander, 180 F.3d 1114, 1119 (9th Cir.1999) (noting that “non-disclosure or perjury by a party or witness do not, by themselves, constitute fraud on the court”); Fiester v. Turner, 783 F.2d 1474, 1476 (9th Cir.1986) (recognizing that a district court’s dismissal of an independent action under Rule 60(b) is reviewed for abuse of discretion).
The district court also correctly determined that Sussman’s arguments in his Rule 60(b) independent action were barred by collateral estoppel because, “when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.” United States v. Bhatia, 545 F.3d 757, 759 (9th Cir.2008) (citation and internal quotation marks omitted); see Lucido v. Superior Court, 51 Cal.3d 335, 341, 272 Cal.Rptr. 767, 795 P.2d 1223 (1990) (stating elements of collateral estoppel under California law).
Accordingly, the district court properly granted Provident’s motion to dismiss under Rule 12(b)(6).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts and procedural history, we do not restate them except as necessary to explain our disposition.