**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50423 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00732-GHK-1 |
| v. | |
| IRA ISAACS, DBA Stolen Car Films, DBA LA Media, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted December 10, 2009
Pasadena, California

Before: PREGERSON, NOONAN and PAEZ, Circuit Judges.

Ira Isaacs ("Isaacs") appeals the district court's denial of his motion to dismiss on double jeopardy grounds. Under 28 U.S.C. § 1291, we have jurisdiction to hear an interlocutory appeal from a denial of a motion to dismiss on double jeopardy grounds. Abney v. United States, 431 U.S. 651, 659 (1977). We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

review *de novo* a denial of a motion to dismiss on double jeopardy grounds. See United States v. Price, 314 F.3d 417, 420 (9th Cir. 2002). We recite the facts only as needed to explain our decision.

## I. Recusal

Judge King did not err in ruling that Judge Kozinski properly recused himself from Isaacs's case under 28 U.S.C. § 455(a). In analyzing § 455(a) recusals, we ask "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Clemens v. U.S. Dist. Court, 428 F.3d 1175, 1178 (9th Cir. 2005) (per curiam) (internal quotation marks omitted). We find that a well-informed observer may reasonably have questioned Judge Kozinski's ability to act as an impartial judge in Isaacs's trial. Thus, we affirm Judge King's determination that the recusal was proper under § 455(a).

## II. Mistrial

We review the district court's declaration of a mistrial with substantial deference. See United States v. Bates, 917 F.2d 388, 394 (9th Cir. 1990). "[A] determination of manifest necessity is an exercise of discretion, reviewed for abuse, not a finding of fact." United States v. Bonas, 344 F.3d 945, 948 n.3 (9th Cir. 2003).

This case is controlled by <u>United States v. Jaramillo</u>,[1] where we found no error in the district court's finding of manifest necessity for a mistrial where a judge recused himself after being criminally indicted in the midst of a trial. 745 F.2d 1245 (9th Cir. 1984). Isaacs's attempt to distinguish <u>Jaramillo</u> is unsuccessful because the crux of the case was that "the designation of another judge [in <u>Jaramillo</u>] would not remove the appearance of partiality concerning all prior rulings and all actions of the indicted judicial officer." <u>Id.</u> at 1249. In this case, the designation of another judge half way through the proceedings would not have removed the appearance of partiality concerning Judge Kozinski's previous actions in the case. As the court in <u>Jaramillo</u> held, Federal Rule of Criminal Procedure 25(a) applies to the replacement of a judge disabled because of death or sickness, not recusal for other reasons. <u>Id.</u> Because <u>Jaramillo</u> is controlling Ninth Circuit precedent, Judge King correctly found that Judge Kozinski did not err in failing to consider alternatives to mistrial. As in <u>Jaramillo</u>, the "extraordinary circumstances of this case required that a mistrial be declared." <u>Id.</u> at 1248.

---

[1] <u>Bates</u> suggests indicators to examine in determining whether a judge has exercised sound discretion in declaring a mistrial. 917 F.2d at 396. The <u>Jaramillo</u> case, however, is controlling because both Isaacs's case and <u>Jaramillo</u> involve a mistrial declared following a judge's recusal because of the judge's own personal situation.

### III. Judicial Notice of the Los Angeles Times articles

Judge King did not err when he took judicial notice of the Times articles because the articles were not hearsay. Hearsay is an out of court statement offered for the truth of the matter asserted. Fed. R. Evid. 801(c). The out of court statements contained in the Times articles were not offered for the truth of the matter asserted. Judge King's determination of whether Judge Kozinski's recusal was proper under § 455(a) required Judge King to assess whether a reasonable person with knowledge of all of the facts would question Judge Kozinski's impartiality. Because Judge King's judicial notice accepted only the existence of the Times articles, the articles were not hearsay.

### IV. Conclusion

Judge King did not err in finding Judge Kozinski's recusal was proper, in finding that Judge Kozinski exercised sound discretion in declaring a mistrial, or in considering the Times articles. For the foregoing reasons, the district judge's order denying Isaacs's motion to dismiss on double jeopardy grounds is affirmed.

**AFFIRMED**