**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD OBERDORFER; WESTERN RADIO SERVICES COMPANY, INC, | No. 12-36082 |
| Plaintiffs - Appellants, | D.C. No. 6:11-cv-06209-SI |
| v. | |
| HOLLY JEWKES, District Ranger, Crescent Ranger District; UNITED STATES FOREST SERVICE; DAN SMITH, Forest Service enforcement agent, | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-35541 |
| Plaintiff - Appellee, | D.C. Nos. 3:11-cv-00638-SI |
| UNITED STATES CELLULAR OPERATING COMPANY OF MEDFORD, | 6:11-cv-06209-SI |
| Intervenor-Plaintiff - Appellee, | |
| v. | |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

WESTERN RADIO SERVICES
COMPANY, INC,

Defendant - Appellant.

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted July 7, 2014
Portland, Oregon

Before: PREGERSON, PAEZ, and WATFORD, Circuit Judges.

1. The district court properly dismissed Western Radio's *Bivens* claim under the First Amendment because Western Radio failed to state a plausible claim for relief. Western Radio must allege facts "ultimately enabling [it] to prove the elements of retaliatory animus as the cause of injury, with causation being understood to be but-for causation." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 916–17 (9th Cir. 2012) (internal quotation marks omitted). Western Radio alleges that the Forest Service advised county officials that its Walker Mountain tower was illegal and caused the Department of Justice to file a federal complaint. But Western Radio failed to plead facts making it plausible that a retaliatory motive—as opposed to a legitimate concern for the property rights of the government—was the but-for cause of those actions.

**2.** Western Radio's pleadings similarly failed to state a *Bivens* claim under the Equal Protection Clause. The conclusory allegation that "defendants intentionally treated plaintiffs differently from others similarly situated" fails to give the Forest Service fair notice of Western Radio's claim; Western Radio's complaint specifies neither those similarly situated nor the supposed difference in treatment. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At oral argument before the district court, Western Radio identified the "others similarly situated" as others on Walker Mountain seeking similar permits, and the difference in treatment as additional requirements imposed on Western Radio. But no *Bivens* remedy is available for the withholding of a use permit because the Administrative Procedures Act (APA) provides an adequate remedy. *See W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1122–23 (9th Cir. 2009).

On appeal, Western Radio argues that the "others similarly situated" are instead others on Walker Mountain performing construction in excess of their special use permits, and that the difference in treatment is the Forest Service's decision to initiate enforcement proceedings only against Western Radio. This theory does not appear in Western Radio's complaint or its opposition to defendants' motion to dismiss, and neither pleading alleges any facts regarding these other users.

**3.** Western Radio could not file suit under the National Environmental Protection Act (NEPA) because its asserted injuries either cannot establish standing under Article III or do not fall within NEPA's zone of interests, as required by the APA. *See W. Radio Servs. Co. v. Espy*, 79 F.3d 896, 902–03 (9th Cir. 1996). Oberdorfer's economic injury—broadcast interference with his radio tower—suffices for Article III standing but does not fall within NEPA's zone of interests. *See id.* at 903. Oberdorfer's environmental injury—that the proliferation of antennas at Walker Mountain over the past 30 years "makes [him] sick"—is within NEPA's zone of interests but will not be redressed by a favorable decision, since the damage in question occurred in the past. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 493–95 (2009).

**4.** The district court correctly granted summary judgment to the Forest Service on Western Radio's claim that the Forest Service acted arbitrarily and capriciously by not complying with 36 C.F.R. § 251.54, thereby violating 16 U.S.C. § 497. At oral argument before the district court, Western Radio limited its allegations to violations of § 251.54(e)(1)(v), and we limit our consideration to that provision. No rational trier of fact could have found that the Forest Service acted arbitrarily and capriciously in concluding, as a threshold matter, that AT&T's

proposed tower would not "unreasonably conflict or interfere with . . . authorized existing uses of the National Forest System." 36 C.F.R. § 251.54(e)(1)(v).

**5.** The district court also correctly granted summary judgment to the Forest Service on its claims for breach of lease and trespass. The Forest Service made the required showing that Western Radio breached its lease by, first, beginning construction on a new tower without authorization as required by 36 C.F.R. § 251.61(a), incorporated by clause III.B of the lease; and second, by failing to submit detailed site plans to the Forest Service as required by the 1982 site plan for Walker Mountain, incorporated by clause III.C of the lease. The 2005 and 2007 Decision Memos that Western Radio argues authorized its construction did not constitute special use authorizations either in substance (as the Decision Memos dealt only with the NEPA requirements for construction) or in form (as they were not signed by both parties as required by 36 C.F.R. § 251.62). The Forest Service was not required to exhaust its administrative remedies. The lease contains no exclusive remedies clause and clearly contemplates suit for breach of contract.

For similar reasons, no rational trier of fact could have found for Western Radio on the Forest Service's trespass claim based on the record before the district court. Under Oregon law, a trespasser "is one who enters or remains on premises in the possession of another without a privilege to do so, created by the possessor's

consent or otherwise." *Rich v. Tite-Knot Pine Mill*, 421 P.2d 370, 373 (Or. 1966). The absence of a special use authorization signed by both parties, *see* 36 C.F.R § 251.62, and the District Ranger's June 2010 letter outlining additional steps on which construction authorization was contingent, establish that Western Radio's construction exceeded the scope of any consent granted by the Forest Service.

**6.** The district court did not abuse its discretion in ordering removal of the trespassing tower. Although removal of the tower will unquestionably cause significant hardship to Western Radio, the district court appropriately attempted to mitigate that harm by allowing Western Radio to disassemble the tower itself, thus salvaging the structure for future use. In entering the injunction, the district court properly considered the principles of equity underlying a grant of injunctive relief. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

**AFFIRMED.**