
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30072 |
| Plaintiff - Appellee, | D.C. No. 6:12-cr-00578-BR-1 |
| v. | |
| RICHARD L. OBERDORFER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted May 6, 2015[**]
Portland, Oregon

Before: W. FLETCHER and HURWITZ, Circuit Judges and CURIEL,[***] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Gonzalo P. Curiel, District Judge for the U.S. District
Court for the Southern District of California, sitting by designation.

Richard Oberdorfer appeals his conviction for constructing and maintaining a structure on U.S. Forest Service property without authorization in violation of 36 C.F.R. § 261.10. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Oberdorfer first argues that his criminal prosecution for violating § 261.10 violates the Double Jeopardy Clause, or, alternatively, is barred by principles of claim preclusion, because the United States previously obtained a judgment in a civil trespass suit against Oberdorfer for building a communications tower on Forest Service land. *Oberdorfer v. Jewkes*, 583 F. App'x 770, 773–74 (9th Cir. 2014). Reviewing these arguments de novo, *United States v. Bhatia*, 545 F.3d 757, 579 n.1 (9th Cir. 2008), we reject them. The Double Jeopardy Clause "protects only against the imposition of multiple *criminal* punishments for the same offense." *Hudson v. United States*, 522 U.S. 93, 99 (1997). Because the United States's trespass judgment against Oberdorfer was civil, not criminal, in nature, the Double Jeopardy Clause does not apply. Further, because the instant prosecution arises out of Oberdorfer's renewed trespass in 2012, while the civil case was brought to remedy Oberdorfer's original trespass in 2010, the two cases do not "arise out of the same transactional nucleus of facts." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). We agree with the district court that neither the Double Jeopardy Clause nor claim preclusion bars this prosecution.

Oberdorfer also argues that the evidence was insufficient to support his conviction in light of his necessity, or "choice-of-evils," defense. We disagree. To prevail on appeal, Oberdorfer "must demonstrate that *no* rational factfinder, after viewing the evidence in the light most favorable to the government, would reject his necessity defense." *United States v. Bibbins*, 637 F.3d 1087, 1094 (9th Cir. 2011); *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Ample evidence supports both the district court's rejection of Oberdorfer's necessity defense and Oberdorfer's conviction. The district court could have reasonably concluded that Oberdorfer did not "act[] to prevent imminent harm," as no evidence was presented that the old communications tower was in imminent danger of collapsing. *Bibbins*, 637 F.3d at 1094. It could have further concluded that Oberdorfer had "other legal alternatives to violating the law," *id.*: he could have availed himself of the review process that the Forest Service set out for the development of the new tower. And, having rejected Oberdorfer's necessity defense, the district court had ample reason to find him guilty, given that Forest Service officers photographed him transferring equipment to the new tower in 2012.

**AFFIRMED.**