**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WESTERN RADIO SERVICES
COMPANY, INC,

Defendant-Appellant.

No. 14-35382

D.C. No. 3:13-cv-01186-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted November 8, 2016
Portland, Oregon

Before: McKEOWN, W. FLETCHER, and FISHER, Circuit Judges.

Western Radio Services Company, Inc. (Western Radio) appeals from the

district court's declaratory judgment that the special use authorization between

Western Radio and the United States Forest Service is cancelled, summary

judgment in favor of the United States on Western Radio's counterclaim alleging

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the cancellation violated the Administrative Procedure Act (APA), and dismissing Western Radio's Equal Access to Justice Act (EAJA) claim. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Western Radio does not appeal the denial of its EAJA claim in its briefing before this court. The issue is therefore waived. *See Blanford v. Sacramento Cty.*, 406 F.3d 1110, 1114 n.8 (9th Cir. 2005). In any case, the EAJA claim is premature and dismissal appropriate: A party cannot bring an EAJA claim unless it is the prevailing party and there has been a final judgment in the action. 28 U.S.C. § 2412(d)(1); *see, e.g., Papazian v. Bowen*, 856 F.2d 1455, 1456 (9th Cir. 1988).

We review de novo the district court's grant of summary judgment in favor of the United States on its declaratory judgment action and on Western Radio's APA counterclaim. *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). The district court properly exercised jurisdiction under the Declaratory Judgment Act. The controversy between parties as to the status of the Lease was "definite and concrete, touching the legal relations of parties having adverse legal interests." *Hillblom v. United States*, 896 F.2d 426, 430 (9th Cir. 1990). Whether a contract was properly terminated is a "case or controversy" justiciable under the Declaratory Judgment Act. *See, e.g., Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1108 (9th Cir. 2011).

2

The district court's award of summary judgment in favor of the United States was proper. Previous litigation has established that the construction of the replacement tower was in breach of the Lease. *See Oberdorfer v. Jewkes*, 583 F. App'x 770, 773 (9th Cir. 2014). To be valid, revocation of the Lease must be: (a) undertaken by an "authorized officer"; (b) preceded by (i) written notice of the basis for revocation and (ii) reasonable time to cure; and (c) subject to appeal pursuant to relevant federal regulations. *See* 36 C.F.R. § 251.60 (2012); *id.* § 251.82(a)(8). The Forest Service provided adequate written notice that identified seven violations of the terms and conditions of the Lease, including the construction of the unauthorized tower. The Notice also provided Western Radio with a reasonable time to cure, either by preparing for the tower's removal once weather permitted or by initiating technical review and providing the required plans and inspections within thirty days.

The two-stage appeal of the revocation conformed to the procedures set forth in 36 C.F.R. §§ 251.94-251.99 (2012). The revocation of the Lease was reviewed at both the Forest Supervisor and Regional Forester levels. Western Radio fails to identify any deficiencies in the administrative appeals process.

An agency action is arbitrary and capricious only "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to

3

consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of the U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). "Unexplained inconsistency between agency actions is [also] a reason for holding an interpretation to be an arbitrary and capricious change." *Organized Vill. of Kake v. U.S. Dep't of Agric.*, 795 F.3d 956, 966 (9th Cir. 2015) (citation and internal quotation marks omitted).

Western Radio argues three aspects of the Forest Service's conduct in revoking the Lease were arbitrary, capricious, or contrary to law. 5 U.S.C. § 706(2)(A). These claims are without merit.

First, Western Radio relies on materials outside the administrative record to argue the Forest Service has a "longstanding practice" of permitting noncompliance among special use permittees. Our review of agency decisions is limited to the administrative record except in narrow circumstances not present here. *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996). Even if we consider these outside materials, however, the Forest Service had a reasonable basis to revoke the Lease and so the Forest Service's failure to cancel *other* leases does not show bad faith or capriciousness.

4

Second, Western Radio contends the revocation decision was motivated by the improper objective of "accommodat[ing] AT&T's desire for a separate facility." Western Radio does not argue that the revocation decision was contrary to the evidence before the agency or implausible in light of that evidence. The Forest Service's revocation of the Lease is supportable for the Service's stated reasons, namely, Western Radio's breach and failure to cure. *See McFarland v. Kempthorne*, 545 F.3d 1106, 1113 (9th Cir. 2008).

Third, Western Radio argues that because the Lease was signed by a Forest Supervisor, District Ranger Jewkes was not authorized to revoke it. *See* 36 C.F.R. § 251.60(b) (an "authorized officer" for purposes of the section governing revocation "is that person who issues the authorization or that officer's successor"). On April 22, 2010, then Forest Supervisor John Allen granted signing authority to District Rangers in the Deschutes National Forest, including Jewkes, for microwave, local exchange network, private mobile radio service, broadcast translator, cellular/PCS, wireless internet service provider, and commercial mobile radio service special use authorizations. In its final administrative decision as to the revocation, the Regional Forester concluded that District Rangers, including Ranger Jewkes, who are delegated the *general* authority to issue special use permits are also "authorized officers" within the meaning of 36 C.F.R. § 251.60

5

and may revoke leases they did not personally sign. This conclusion was neither plainly erroneous nor inconsistent with Forest Service regulations. *See Shalala v. Guernsey Mem'l Hosp.*, 514 U.S. 87, 103 (1995)*; Anchustegui v. Dep't of Agric.*, 257 F.3d 1124, 1128 (9th Cir. 2001).

**AFFIRMED.**